**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **BEVERLY ANN HARRIS-WALKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-382 (MTT) |
| | ) |
| **SHANE THOMAS VEAL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Beverly Ann Harris-Walker initially filed this action against Shane Thomas Veal and ChemPro Services, Inc. in the State Court of Bibb County, Georgia. Doc. 1-1 at 2-16. On October 24, 2024, the defendants removed to this Court citing 28 U.S.C. § 1332. Doc. 1. Harris-Walker has moved to remand the case to the State Court of Bibb County, Georgia, arguing that the amount in controversy does not exceed the jurisdictional threshold of $75,000 required for federal diversity jurisdiction. Doc. 8. As discussed below, the defendants have not met their burden to establish by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied. 28 U.S.C. § 1332. Accordingly, Harris-Walker's motion to remand (Doc. 8) is **GRANTED**, and this case is hereby **REMANDED** to the State Court of Bibb County.

**I. STANDARD**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending."  If removal is based on the initial pleading, the defendant must file the notice of removal within 30 days of service of the initial pleading.[1]  28 U.S.C. § 1446(b)(1).  "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed."  *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga. Mar. 17, 2011) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted).  The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the

---

[1] Under 28 U.S.C. § 1446(b)(3), a defendant may remove a case to federal court within 30 days after receipt of a document or other paper from which it may first be ascertained that the case is removable. However, a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

use of additional evidence demonstrating removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

## II. DISCUSSION

Plaintiff Beverly Ann Harris-Walker alleges she sustained serious and permanent injuries when Defendant Shane Veal, an employee of Defendant ChemPro Services, Inc., sprayed her in the face with an herbicide. Doc. 1-1 at 2-16. Although she seeks damages for medical expenses, pain and suffering, mental anguish, lost wages, and loss of enjoyment of life—her complaint does not specify the damages she has incurred or seeks. *Id.* Accordingly, because it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the defendants must prove by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied. To do so, the defendants rely on a payment detail from a workers' compensation carrier itemizing Harris-Walker's medical expenses ($3,512.91), lost wage benefits ($1,700.15), and the amount paid to settle her workers' compensation claim ($7,500) totaling $12,713.06.[2] Doc. 9-1. Based on these medical expenses and lost wage payments, and the potential long-term impact of the alleged injuries, the defendants argue that the amount in controversy exceeds $75,000. Doc. 9 at 2-4. This is insufficient.

---

[2] "Defendants rely on the Plaintiff's Complaint, a transcript of Plaintiff's recorded statement, the Annuity Mortality Table for 1949, Ultimate, and a Paid Transaction Detail from CCMSI showing the medical expenses, lost wages, medical treatment, and other expenses paid for by her worker's compensation carrier for this event." Doc. 9 at 5; *see* Docs. 9-1; 9-2; 9-3.

3

First, the defendants argue that Harris-Walker's allegations of "serious and permanent injuries" and associated damages suggest that the amount in controversy exceeds $75,000. [3]  Doc. 9 at 5-6.  But their evidence—$1,700.15 in lost wage benefits and $3,512.91 in medical expenses—suggests, in the Court's experience, that the amount in controversy is significantly less than $75,000.  Docs. 9 at 3; 9-1.  Similarly, the $7,500 settlement of Harris-Walker's workers' compensation claim does not support a conclusion that the value of her personal injury claim exceeds $75,000.

Second, the defendants argue that claims for future medical expenses, pain and suffering, and other damages over Harris-Walker's remaining life expectancy could meet the jurisdictional threshold.  Doc. 9 at 4-5.  Perhaps, but the sparse record does not permit that finding.  *See* note 4 *supra.*  The defendants have not presented any specific evidence, such as medical reports, treatment plans, or expert testimony, to substantiate the likelihood or extent of future damages.  Thus, the Court rejects the defendants' contention that the Court should value Harris-Walker's alleged pain and suffering at $2,500 per year over her 32.64-year life expectancy because there is no evidence of ongoing or anticipated future pain and suffering to justify the defendants' valuation.

---

[3] While the defendants highlight specific injuries alleged by Harris-Walker (e.g., blurry vision, difficulty driving, inability to wear contacts) and argue that these suggest significant damages, unsubstantiated claims of lifestyle impacts, standing alone, do not suffice to establish the amount in controversy.  *See, e.g.,* Doc. 1 ¶¶ 5, 8; *see Carruthers v. Variety Wholesalers, Inc.*, 631 F. Supp. 3d 1173, 1177 (M.D. Ala. 2022) ("The Court cannot speculate an amount in controversy from … unadorned injury allegations.") (citing *Pretka*, 608 F.3d at 753–754).

In sum, the defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Thus, this Court lacks subject matter jurisdiction, and Harris-Walker's motion to remand (Doc. 8) is **GRANTED.** [4]

### III. CONCLUSION

For the foregoing reasons, the defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Harris-Walker's motion to remand (Doc. 8) is **GRANTED**, and this case is hereby **REMANDED** to the State Court of Bibb County.

**SO ORDERED**, this 18th day of December, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove if new evidence or filings establish that the amount in controversy exceeds $75,000 subject to § 1446(c)(1).